John W. Davis (CA Bar No. 200113)
john@johnwdavis.com
501 W. Broadway, Suite 800
San Diego, CA 92101
Telephone: (619) 400-4870

Plaintiff *pro se*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

JOHN W. DAVIS

                Plaintiff,

v.

BPCL MANAGEMENT, LLC f/k/a
BAHAMAS PARADISE CRUISE
LINE, LLC d/b/a
BAHAMA ISLAND CRUISES; and
DOES 1-100, inclusive,

                Defendants.

Case No.: **'18CV0607 CAB BLM**

**COMPLAINT**

*Jury Trial Requested*

    Plaintiff John W. Davis brings this action against Defendant BPCL Management, LLC f/k/a Bahamas Paradise Cruise Line, LLC d/b/a Bahama Island Cruises ("Defendant"), and alleges as follows upon personal knowledge and upon information and belief.

**NATURE OF THE ACTION**

1.      This is an action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), arising from Defendant's knowing and willful violations of the TCPA.

2.      In 2017, the Federal Trade Commission ("FTC") received 7,157,370 consumer complaints regarding unsolicited calls, an increase of almost two million from the prior year.[1]   Despite efforts by the FTC, the Federal Communications Commission ("FCC"), and even telephone carriers, unscrupulous companies continue to violate the TCPA because they are simply unable to resist the temptation of exploiting a direct line of communication to new consumers.

3.      Such is the case here.  Defendant – the marketing arm for the owner operators of the M/S Grand Celebration cruise ship – engaged in a wide-scaling telemarketing campaign consisting of prerecorded calls to the cellular telephones of Plaintiff and others, without prior express written consent.

4.      Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals.  Plaintiff also seeks statutory damages on behalf of himself, and any other available legal or equitable remedies.

**JURISDICTION AND VENUE**

5.      Jurisdiction is proper under 28 U.S.C. § 1331 as Plaintiff alleges violations of a federal statute.

---

[1] https://www.ftc.gov/policy/reports/policy-reports/commission-staff-reports/national-do-not-call-registry-data-book-fy-2

Complaint for Injunctive Relief and Damages

6.      Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391(b) and (c) because Defendant is deemed to reside in any judicial district in which it is subject to the court's personal jurisdiction, and because Defendant provides and markets its services within this district thereby establishing sufficient contacts to subject it to personal jurisdiction. Defendant's tortious conduct against Plaintiff occurred within the State of California and, on information and belief, Defendant has sent the same calls complained of by Plaintiff to other individuals within this judicial district.

## **PARTIES**

7.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of San Diego County, California.

8.      Defendant is a Florida limited liability company with its principal place of business located at 2419 E. Commercial Blvd., Suite 100, Fort Lauderdale, FL 33308.  Defendant is the marketing and shore side personnel management company for the M/S Grand Celebration cruise ship.

9.      DOES 1-100 are individuals, associations, or corporations that are affiliated with or related to Citibank, who will be specifically identified and named as discovery progresses and their role in the wrongdoing at issue is revealed.  At all times mentioned in this Complaint, each and every defendant was an agent, representative, affiliate, or employee of each and every other defendant, and in doing the things alleged in this Complaint, each and every defendant was acting within the course and scope of such agency, representation, affiliation, or employment and was acting with the consent, permission, and authorization of the other defendants.  All actions of each defendant, as alleged in this Complaint, were

Complaint for Injunctive Relief and Damages

ratified and approved by the other defendants or their respective directors, officers, and/or managing agents, as appropriate for the particular time period alleged herein.

### **THE TCPA**

10.     The TCPA prohibits: (1) any person from calling a cellular telephone number; (2) using an automatic telephone dialing system or an artificial or prerecorded voice; (3) without the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A).

11.     The TCPA exists to prevent communications like the ones described within this Complaint. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

12.     In an action under the TCPA, a plaintiff must only show that the defendant called a number assigned to a cellular telephone service using an automatic dialing system or prerecorded voice. *Olney v. Progressive Cas. Ins. Co.*, 993 F.Supp.2d 1220 (S.D. Cal., 2014); *Breslow v. Wells Fargo Bank,* N.A., 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012), aff'd, 755 F.3d 1265 (11th Cir. 2014).

13.     The Federal Communications Commission ("FCC") is empowered to issue rules and regulations implementing the TCPA. According to the FCC's findings, calls in violation of the TCPA are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. *Rules and Regulations*

- 4 -

*Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

14.     In 2012, the FCC issued an order tightening the restrictions for automated telemarketing calls, requiring "prior express written consent" for such calls to wireless numbers. *See In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1838 ¶ 20 (Feb. 15, 2012).

15.     To obtain express written consent for telemarketing calls, a defendant must establish that it secured the plaintiff's signature in a form that gives the plaintiff a "'clear and conspicuous disclosure' of the consequences of providing the requested consent….and having received this information, agrees unambiguously to receive such calls at a telephone number the [plaintiff] designates." *In re Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C.R. 1830, 1837 ¶ 18, 1838 ¶ 20, 1844 ¶ 33, 1857 ¶ 66, 1858 ¶ 71 (F.C.C. Feb. 15, 2012).

16.     The TCPA regulations promulgated by the FCC define "telemarketing" as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services." 47 C.F.R. § 64.1200(f)(12).  In determining whether a communication constitutes telemarketing, a court must evaluate the ultimate purpose of the communication.  *See Golan v. Veritas Entm't, LLC*, 788 F.3d 814, 820 (8th Cir. 2015).

17.     "Neither the TCPA nor its implementing regulations 'require an explicit mention of a good, product, or service' where the implication of an improper purpose is 'clear from the context.'" *Id.* (citing *Chesbro v. Best Buy Stores, L.P.*, 705 F.3d 913, 918 (9th Cir. 2012)).

18.     "'Telemarketing' occurs when the context of a call indicates that it was

Complaint for Injunctive Relief and Damages

initiated and transmitted to a person for the purpose of promoting property, goods, or services." *Golan*, 788 F.3d at 820 (citing 47 C.F.R. § 64.1200(a)(2)(iii); 47 C.F.R. § 64.1200(f)(12); *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd at 14098 ¶ 141, 2003 WL 21517853, at *49).

19.    The FCC has explained that calls motivated in part by the intent to sell property, goods, or services are considered telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶¶ 139-142 (2003).  This is true whether call recipients are encouraged to purchase, rent, or invest in property, goods, or services during the call *or in the future.  Id.*

20.    In other words, offers "that are part of an overall marketing campaign to sell property, goods, or services constitute" telemarketing under the TCPA. *See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd. 14014, ¶ 136 (2003).

21.    If a call is not deemed telemarketing, a defendant must nevertheless demonstrate that it obtained the plaintiff's prior express consent. *See In the Matter of Rules and Regulaions Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7991-92 (2015) (requiring express consent "for non-telemarketing and non-advertising calls").

22.    As held by the United States Court of Appeals for the Ninth Circuit: "Unsolicited telemarketing phone calls or text messages, by their nature, invade the privacy and disturb the solitude of their recipients. A plaintiff alleging a violation under the TCPA 'need not allege any *additional* harm beyond the one Congress has

Complaint for Injunctive Relief and Damages

identified.'" *Van Patten v. Vertical Fitness Grp., LLC*, 847 F.3d 1037, 1043 (9th Cir., 2017) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549 (2016) (emphasis original)).

## **FACTS**

23.     On March 22, 2018 at or about 9:13 a.m., Defendant transmitted a prerecorded call to Plaintiff's telephone number ending in 4476 (the "4476 Number").

24.     The call originated from telephone number 619-519-3179, a spoofed number owned and/or operated by Defendant.

25.     In placing the call, Defendant used "neighbor spoofing," a new form of number spoofing that attempts to match the recipients' telephone number to trick the recipient into answering the call.

26.     The prerecorded message transmitted to Plaintiff's cellular telephone constitutes telemarketing because the ultimate purpose was to promote Defendant's services and/or the M/S Grand Celebration.

27.     Plaintiff has received numerous similar "spoofed" calls from Defendant in the preceding months.

28.     To determine who was harassing him, Plaintiff pressed a number as instructed in the prerecorded prompt.  He was connected to a live operator who directed Plaintiff to www.bahamaislandcruises.com, a website owned and/or operated by Defendant.

29.     Plaintiff received the subject call within this judicial district and, therefore, Defendant's violation of the TCPA occurred within this district.  Upon information and belief, Defendant caused other prerecorded calls to be sent to the

Complaint for Injunctive Relief and Damages

cellular telephones of individuals residing within this judicial district.

30. At no point in time did Plaintiff provide Defendant with his express consent to be contacted using an artificial or prerecorded voice.

31. Plaintiff has never had any type of relationship with Defendant.

32. Plaintiff is the subscriber and sole user of the 4476 Number.

33. Defendant's call caused Plaintiff actual harm, including invasion of his privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion.

**COUNT I**
**<u>Violations of the TCPA, 47 U.S.C. § 227</u>**

34. Plaintiff incorporates and re-alleges by reference paragraphs 1-33 as if fully set forth herein.

35. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service …." 47 U.S.C. § 227(b)(1)(A)(iii).

36. Defendant – or third parties directed by Defendant – transmitted prerecorded calls to the cellular telephone number(s) of Plaintiff.

37. These calls were made without regard to whether Defendant had first obtained express permission from the called party to make such calls.  In fact, Defendant did not have prior express consent to call the cell phone(s) of Plaintiff when its calls were made.

38. Defendant has, therefore, violated § 227(b)(1)(A)(iii) of the TCPA by an artificial or prerecorded voice to make non-emergency telephone calls to the cell

- 8 -

Complaint for Injunctive Relief and Damages

phones of Plaintiff without his prior express written consent.

39.     As a result of Defendant's conduct and pursuant to § 227(b)(3) of the TCPA, Plaintiff was harmed and is entitled to a minimum of $500.00 in damages for each violation. Plaintiff is also entitled to an injunction against future calls. *Id.*

40.     Because Defendant knew or should have known that Plaintiff had not given prior express consent to receive its prerecorded calls to his cellular telephone(s) the Court should treble the amount of statutory damages available to Plaintiff pursuant to § 227(b)(3) of the TCPA.

**WHEREFORE,** Plaintiff respectfully prays for the following relief:

1.     A declaration that Defendant's practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

2.     An injunction prohibiting Defendant from using an artificial or prerecorded voice to contact telephone numbers assigned to cellular telephones, or numbers on the do-not-call list, without the prior express written consent of the called party;

3.     An award of actual and statutory damages; and

4.     Such further and other relief the Court deems reasonable and just.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury.

### DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemization of telephone numbers associated with the Defendant and the communication or transmittal of the calls as alleged herein.

Complaint for Injunctive Relief and Damages

1

2          Respectfully submitted this 25th day of March, 2018.

3

4

5

6                                    By:   s/ John W. Davis
                                           John W. Davis
7
                                     John W. Davis (CA Bar No. 200113)
8                                    501 W. Broadway, Suite 800
                                     San Diego, CA 92101
9                                    Telephone: (619) 400-4870
                                     Email: john@johnwdavis.com
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Injunctive Relief and Damages